## EBENEZER T. ANDREWS *versus* JOHN CALLENDER *et al.*, Executors of William Payne.

A member of a manufacturing corporation who has voluntarily paid a debt against the corporation for which the members were, by the statutes of 1808, *c.* 65, and 1817, *c.* 183, personally liable, has no remedy under those statutes, against the other members for a contribution.

Whether he would have a remedy under those statutes, for a contribution, in case he had been compelled to pay the debt upon an execution against the corporation, *quære.*

If the members of a manufacturing corporation which is regulated by those statutes, enter into a written agreement to reimburse to each other proportionably such sums as they shall respectively be obliged to pay in consequence of indorsing the notes of the corporation, the remedy for a contribution should be sought under the writ ten agreement.

ASSUMPSIT. In the first count the plaintiff alleges, that he and William Payne and others, before and until the 21st of July 1827, when Payne died, were stockholders together in the Wolcott Woollen Manufacturing Company, incorporated February 24, 1820, and that Payne, in consideration of a like promise by the plaintiff, promised the plaintiff to reimburse all sums which the plaintiff might pay towards the debts of the corporation, in proportion to the number of shares then owned by Payne ; that on that day the corporation owed more than they could pay ; that the plaintiff was compelled to pay and did advance 8500 dollars in payment of certain debts due from the corporation on July 21, 1827, and of certain promissory notes of the corporation which had been given by way of renewal or continuance thereof ; and that Payne owned sixteen shares and his proportion of the 8500 dollars was 2160 dollars.

The second count states the promise of Payne to have been, further, that his executors should, as such, after his decease, pay to the plaintiff a proportion of any sums which the plaintiff should pay of the corporation debts, according to the number of shares such executors should possess at the time of the payments, and it avers that the defendants, as executors, continued to hold the sixteen shares.

The defendants pleaded the general issue, to both counts. They also pleaded to the first count, that after the prom-

ise, the plaintiff and Payne and all the other stockholders in the corporation, entered into an indenture, in which, after reciting that it is often necessary in conducting the affairs of manufacturing corporations, that the company's notes should be indorsed by one or more stockholders, they mutually covenant to proportionably reimburse to each other such sums as they should in consequence of such indorsement be obliged to pay on such notes ; and the plea alleges that all the sums paid by the plaintiff were paid on such notes.

The plaintiff, after oyer of the indenture, replies, that all the sums paid by him were paid in satisfaction of divers original promissory notes made by and in behalf of the corporation after Payne's decease, which were given by way of renewal of the promissory notes and other debts of the corporation subsisting on July 21, 1827.

To this there was a general demurrer.

The defendants pleaded a like plea to the second count, but averring the covenant in the indenture to be, not only that the parties should reimburse, &c., but that their executors &c. also should reimburse proportionably for payments made.

The following facts were agreed to by the parties.

The Wolcott Woollen Manufacturing Company was incorporated on February 24, 1820, and was duly organized. In January 1827, the stock consisted of sixty-three shares, of which sixteen were owned by Payne and six by the plaintiff. On July 21, 1827, the time of Payne's decease, the notes, bills and other debts of the corporation outstanding and unpaid, amounted to $ 147,623·36, of which, notes and bills amounting to $ 71,000 were indorsed by Payne and were payable at a time subsequent to his death. Some purchases of small amount, the aggregate of which was about $ 10,000, were made after Payne's death, for the purpose of carrying on the business to a close, but the sum total of the debts was never greater after than at the time of his decease. The defendants, as his executors, attended several meetings of the stockholders and voted therein. At some of these meetings it was voted to sell the estate, real and personal, of the corporation and bring its affairs to a close : for the purpose of

41 *

Andrews<br>v.<br>Callender.

doing which assessments were laid upon the shares. The defendants paid the first assessment, and made no objection to paying the others, until the estate of their testator was ascertained or supposed to be insolvent. All the corporation notes indorsed by Payne and all other debts owing from the corporation at the time of his death, were paid and taken up by proceeds of property sold, debts collected and the substitution of other notes signed by the company and indorsed by one or more of the stockholders, or by the moneys raised on such new notes, and by such assessments, before the 27th of October 1829. On the 29th of October 1829, there were outstanding about $ 33,200, in promissory notes of the corporation, which had been given by way of renewal of the previous notes thereof, originating as before stated, and for moneys to pay the same, and for moneys to pay the sum of $ 10,000 above mentioned. These notes were all payable at some future day, and were all indorsed by one or more of the stockholders. There being no funds of the corporation wherewith to pay these notes, a contribution was made by the plaintiff and some other stockholders to pay the same. The sums paid by the plaintiff do not exceed the amount for which he was indorser of the company notes on October 29, 1829, and on July 21, 1827, but on all those existing on July 21, 1827, he was indorser after Payne. The sums paid by the plaintiff for assessments and contributions entitle him to recover of the defendants the amount claimed in his declaration, if upon the foregoing statement they are bound to pay a contributory and proportionable part of the whole amount paid by him for the use of the corporation.

August 3d,
1832.
S. *Hubbard* and *C. G. Loring*, for the plaintiff. The equity of the case is manifestly with the plaintiff, and the question is, whether there are technical difficulties in law which will prevent him from recovering against the defendants. It may be proper to consider, first, whether Payne, if living, would be liable to an action for contribution. It is a general rule of law, that where several are liable each for the whole of a debt, the one who pays it is entitled to contribution from the others. If a creditor had recovered a

judgment against this corporation, and not finding corporate property, had levied his execution on the property of the plaintiff, Payne would unquestionably be liable on an implied promise to contribute. The simple fact of their being members of a joint stock company, would raise this implication. So in the case of general average, in insurance, this equitable liability to contribute, is implied from the relation of the parties. *Welles* v. *Boston Ins. Co.*, 6 Pick. 182 ; *Deering* v. *Winchelsea*, 2 Bos. & Pul. 270 ; *S. C.* 1 Cox, 318 ; *Campbell* v. *Mesier*, 4 Johns. Ch. R. 334 ; *Cheesebrough* v. *Millard*, 1 Johns. Ch. R. 409 ; *Wooley* v. *Batte*, 2 Car. & Payne, 417 ; *Brown* v. *Hodgson*, 4 Taunt. 189 ; *Exall* v. *Partridge*, 8 T. R. 308.

It will be objected, that as the course of proceedings pointed out in *St.* 1808, c. 65, for creditors of manufacturing corporations, has not been pursued, the plaintiff cannot recover. Undoubtedly such proceedings are requisite to enable a creditor of the corporation to levy on the property of an individual stockholder ; but where one stockholder has satisfied the debt for which all were liable, he has a right to contribution, although those forms may not have been observed. The other stockholders are not injured by his payment of the debt ; on the contrary, it is meritorious in him to save them from the expense of such proceedings against the corporation. The legislature, in making the members of manufacturing corporations liable for corporate debts, have created a new relation, which raises an implied promise where one member pays more than his proportion of a corporate debt, but have provided no remedy for such member against the rest, and the Court will therefore give a remedy by analogy to other cases. The members are like partners ; they are associated for profit or loss ; and but for the act of incorporation, they would in fact be partners. The incorporation facilitates their operations, but leaves them liable *in solido* for debts ; the legislature therefore, from the necessity of the case, must have conferred on them individually a right to pay a debt and prevent the levy of an execution. *Hutton* v. *Eyre*, 6 Taunt. 289 ; *S. C.* 1 Marsh. 603 ; *Dunn* v. *Slee*, 1 B. Moore. 2 ; *Burnell* v. *Minton*, 4 B. Moore, 340 ; *Armstrong*

Andrews
*v.*
Callender.

v. *Gilchrist*, 2 Johns. Cas. 424 ; *Mauri* v. *Heffernan*, 13 Johns. R. 58.

We say further, that the plaintiff has a right to recover of Payne as a joint debtor. All the members of a manufacturing corporation are virtually defendants in an action against the corporation. *Marcy* v. *Clark*, 17 Mass. R. 330 ; *Slee* v. *Bloom*, 19 Johns. R. 473. If they are joint debtors, each has a right to pay the debt, in order to save himself from the expense of a lawsuit and his property or person from attachment or arrest, and he may claim contribution from the rest.

It may be said that they are not joint debtors, but more like sureties, and that they must wait until the principal has been subjected to legal proceedings. The only resemblance which they bear to sureties is, that an imaginary body is liable in the first instance. But they are not sureties. If a stockholder whose property is taken, can sue the corporation, then he can levy on any other stockholder ; and this stockholder may in his turn take the like course and recover his property back from the former. Each member is in fact a principal ; a debtor himself and entitled to pay the debt and relieve himself and his associates from the burden of a lawsuit and its consequences. We concede, that if the corporation or any member is prejudiced by waiving the forms prescribed in the statute, the plaintiff cannot recover. But there can be no pretence of that sort in the present case. The debt must be taken for granted to be honestly due from the corporation. The reasons why the legislature require a creditor to proceed first against the corporation, are, 1. because the property of the corporation shall be taken, if it has the means of paying the debt, and 2. because that is the mode of ascertaining whether it has the means. Now here these reasons do not apply, for the question is between the stockholders *inter se*, and it is agreed that the corporation has no funds.

It may be objected that, under the statute, funds may be raised by assessments. But it is obvious that the provision applies to raising funds for the use of the corporation as such, and has no reference to payments by one stockholder for

Andrews<br>*v.*<br>Callender

the benefit of the rest. The objection presupposes that a payment by a stockholder makes him a creditor of the corporation ; which cannot be, for the reason before stated.

The *St.* 1829, *c.* 53, § 11, gives a right to contribution where a debt of the corporation is paid voluntarily by a stockholder, and this we contend is declaratory of the law as it existed previously.

The counsel then proceeded to argue that the action could be maintained against the defendants as executors of Payne.*

*J. Pickering* and *J. H. Ashmun*, for the defendants. The testator, Payne, was neither a joint debtor, surety nor partner with the plaintiff. *Pratt v. Bacon*, 10 Pick. 123. A mere liability was imposed on them by statute, to pay the debts in question, in case certain proceedings should be had against the corporation, and a payment by one of them would not give him a claim to contribution. *Harbert's case*, 3 Co. 11, 14 ; *Brigden v. Cheever*, 10 Mass. R. 450.

But supposing the plaintiff to be entitled to contribution, his remedy is in a court of equity. Here are many debts outstanding ; will the plaintiff be allowed, upon paying one of them, to sue every other member of the corporation, in a separate action, and so *toties quoties* upon the payment of the several debts ? One partner cannot maintain an action at law against another, until the whole partnership business is reduced to a single debt. In the case of a corporation like this, the remedy by a suit at law for contribution is wholly inadequate. A court of law would meet with insuperable difficulty in ascertaining what persons are liable, and in what proportion they are to contribute.

The plaintiff paid voluntarily, in his own wrong, and can therefore have no claim for contribution. He was not liable unless called upon to satisfy an execution against the corporation. That was a condition precedent. *Skillin v. Merrill*, 16 Mass. R. 40.

If the plaintiff has any remedy, it is upon the covenant set out in the pleadings. *Toussaint v. Martinnant*, 2 T. R. 100.

---

* See *Ripley* v. *Sampson*, 10 Pick 371

*Hubbard*, in reply, said that the indenture does not embrace the debts paid by the plaintiff, and on which contribution is now claimed; it relates only to notes indorsed to carry on the business of the corporation, and had no reference to its insolvency. The present demand arises out of the insolvency of the corporation and was created in closing its concerns. With respect to Payne, the indenture does not embrace transactions subsequent to his death.

PUTNAM J. delivered the opinion of the Court.*. The question is whether the defendants, executors of William Payne deceased, are liable under the facts stated, to the contribution which is claimed by the plaintiff.

It is not necessary to consider what would have been their liability if there had been an action commenced and prosecuted to final judgment by a creditor against the corporation, and a demand and neglect of payment by the corporation, and a levy on the property of the plaintiff as a member of the corporation, under the *St.* 1808, *c.* 65, § 6, because there have not been any such proceedings.

The plaintiff has volunteered in his payment of the debts due from the corporation, and claims to recover a contribution from the defendants upon the ground that it was a payment to remove a common burden, which should be sustained according to the interest or shares of individuals in the concern.

We are disposed to consider the case as if Payne were living and himself defending, and the plaintiff had paid the debt of the corporation, without a previous levy having been made upon him.

We are entirely satisfied that the plaintiff cannot recover. The liabilities of the individual members of the corporation are created by the statute; and it is clear that at the common law the corporation only would be liable. The means must therefore have been resorted to, and a levy made upon the individual member before he could, without the consent of another member, pay, and compel that other to contribute. It is not sufficient that a joint liability existed *sub modo*.

---

* *Shaw* C. J. did not sit in the cause

So it does in regard to the inhabitants of a town. It may happen that a creditor cannot obtain satisfaction from the treasurer, and the statute authorizes a proceeding against the individual inhabitants. But we think it very clear that one of the inhabitants could not volunteer, and make the payment for the town, and so cause the town to become his debtor without its consent. No person can compel another to become his debtor without his consent.

The case put by the counsel for the plaintiff, of the right to recover a contribution for goods thrown overboard for the preservation of the common property, cannot apply ; for the necessity calling for the sacrifice of the property occurred before the claim for contribution. Here the claim is made before the evidence of legal necessity.

But there is another view which would seem to us to be clear for the defendants. The parties or members of the corporation did not rely upon the remedy for contribution created by the law, but they made an agreement by indenture under seal, which should govern in this respect. It recites, that it was often necessary, in conducting the affairs of the corporation, that the notes of the company should be indorsed by one or more of the stockholders, and provides for a reimbursement proportionably, to each other, of such sums as they should in consequence of such indorsements be liable to pay. If there has been any payment for the corporation by the plaintiff, not occasioned by compulsive process under the statute, the remedy, we think, should be sought under the indenture. *Modus et conventio vincunt legem.*

We are for these reasons of opinion, that upon the facts stated, the plaintiff has not a legal right to recover in this action